UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL DAVIS,
    *Plaintiff*,

v.　　　　　　　　　　　　　　　　　　No. 3:17-cv-02145 (JAM)

EDWARD MALDONADO, *et al.*,
    *Defendants*.

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Michael Davis is a prisoner in the custody of the Connecticut Department of Correction. He has filed this lawsuit against prison officials claiming that they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. After an initial review, the Court concludes that the complaint should be served only on defendants Furey and Breton but dismissed as to all other defendants.

### BACKGROUND

The complaint names five defendants: Warden Edward Maldonado, Warden Kimberly Weir, Warden William Faneuff, Health Services Administrator Richard Furey, and Dr. Breton.[1] The following factual allegations are accepted as true solely for purposes of this initial review order and without prejudice to the rights of any defendant to challenge the adequacy of the pleadings or otherwise to seek dismissal once served.

On July 28, 2016, plaintiff submitted a medical request for treatment of "a painful and blistering rash on the upper half of [his] body." Doc. #1 at 5 (¶ 1). An unnamed medical staff member called plaintiff to the medical unit, did not provide any treatment, and referred plaintiff

---

[1] The documents attached to the complaint show that the relevant defendant's last name is Furey, not Furrey as stated in the case caption. *See* Doc. #1 at 10, 15. The Court uses the correct spelling.

to Dr. Breton. *Id*. Plaintiff was not called to see the doctor.

After a time, he submitted another medical request and a grievance, but received no response. Furey told plaintiff that he had thrown out the documents. *Id*. (¶ 2). At some time during the past eighteen months, plaintiff wrote to the three wardens seeking medical treatment from Dr. Breton, but nothing was done. *Id.* (¶ 3).

Plaintiff has experienced constant pain for months. The pain has limited his physical activities and prevented sleep. The affected areas include plaintiff's eyes, neck, underarms, inner arms, and inner thighs. *Id.* (¶ 4).

Dr. Breton saw plaintiff on December 6, 2017, to provide temporary relief. Dr. Breton told plaintiff that, due to budget cuts, there were not enough doctors to treat all inmates and he would not see plaintiff again. *Id*. at 6 (¶ 8).

Although plaintiff alleges that he was provided no treatment from July 2016 until December 2017, the documents he attaches to the complaint show that in November and December 2016, and again in May 2017, he was provided hydrocortisone cream by an unnamed APRN which relieved the rash. *Id.* at 44, 42, 40. When he stopped using the cream, however, the rash returned. *Id.* at 28, 30 (November 2017); 32, 34 (August 2017). In addition, a September 2016 grievance was returned without disposition with a notation that he had been seen multiple times by the doctor and admitted to the hospital unit for his complaints. *Id.* at 25-26

Plaintiff also attached inmate requests addressed generally to Warden/Unit Administrator dated December 1, 2017, November 7, 2017, and October 17, 2017. Faneuff responded to each request, stating each time that plaintiff had been scheduled to see Dr. Breton soon. *Id*. at 11–13. He also informed plaintiff that his inquiries should be directed to Furey. *Id.* at 13. A request form submitted to Furey on October 17, 2017, also resulted in a statement that plaintiff would be seen

by Dr. Breton within a few days, but it does not appear that plaintiff was seen until December 6 or 8, 2017. *Id*. at 9, 10, 15.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

Plaintiff has brought his claims against each of the five defendants in both their personal and official capacities. Because each of the defendants is an employee of the State of Connecticut, plaintiff's official-capacity claims against them for money damages are plainly barred by the Eleventh Amendment. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). In addition, because it appears from plaintiff's complaint and the attached medical records that he

did receive treatment on December 6 or 8, 2017, and because plaintiff does not allege that this treatment was deficient or that his rash continues to plague him, his request for injunctive relief is moot. All that remains for me to consider are his claims for money damages against the defendants in their personal capacities.

A prison official's deliberate indifference to the safety or serious medical needs of a prisoner violates the Eighth Amendment. *See Spavone v. New York State Dep't of Corr. Serv's.*, 719 F.3d 127, 138 (2d Cir. 2013). A prisoner who claims deliberate indifference to a serious medical need must satisfy two requirements. First, there is an objective requirement—that the prisoner's medical need was sufficiently serious. *Ibid.* The prisoner must show that he suffered from an urgent medical condition involving a risk of death, degeneration, or extreme pain. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

Second, there is a subjective requirement: that the defendant have acted recklessly—that is, with an actual awareness of a substantial risk that serious harm to the prisoner would result from the defendant's action or non-action. *See Spavone*, 719 F.3d at 138. It is not enough to allege simple negligence or negligent medical malpractice. *See Hilton v. Wright*, 673 F.3d 120, 127 (2d Cir. 2012) (*per curiam*); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Instead, a prisoner must show that the defendant acted with the equivalent of a criminally reckless state of mind when denying treatment for the prisoner's medical needs. *See Collazo v. Pagano*, 656 F.3d 131, 135 (2d Cir. 2011) (*per curiam*).

A skin rash generally is not considered a serious medical need. *See Reid v. Nassau Cty. Sheriff's Dep't*, 2014 WL 4185195, at *20 (S.D.N.Y. 2014) (citing cases). Here, however, plaintiff alleges that the rash caused constant pain and interfered with daily activities. Although plaintiff's exhibits show that he received some relief from the rash when he was using

hydrocortisone cream, it is not clear how long the periods of relief lasted. Thus, for purposes of this initial review order only, the Court will assume that plaintiff has a serious medical need.[2]

Plaintiff alleges that Dr. Breton did not see him for nearly eighteen months. He alleges no facts, however, plausibly suggesting that Dr. Breton was aware of the referral or was involved in scheduling appointments. Thus, the delay in treatment cannot be attributed to Dr. Breton. However, plaintiff also alleges that Dr. Breton told plaintiff that he would not be seen again by a doctor for his complaint due to budgetary concerns. At least for initial pleading purposes, this allegation may possibly support an Eighth Amendment claim. *See Colon v. County of Nassau*, 2014 WL 4904692, at *6-7 (E.D.N.Y. 2014) (denying motion to dismiss deliberate indifference claim where plaintiff alleged denial of medically necessary treatments due to budgetary constraints); *Stevens v. Goord*, 535 F. Supp. 2d 373, 388 (S.D.N.Y. 2008) ("While disagreements regarding choice of treatment are generally not actionable under the Eighth Amendment, judgments that have no sound medical basis, contravene professional norms, and appear designed simply to justify an easier course of treatment (in this case, no treatment) may provide the basis of a claim.").

Plaintiff alleges that Furey told him that he had discarded some of plaintiff's requests for treatment. At least for initial pleading purposes, this allegation may possibly support a claim that Furey was subjectively reckless in his treatment of plaintiff. The deliberate indifference claim against defendant Furey will proceed.

Three of the defendants (Faneuff, Weir, and Maldonado) are wardens or former wardens at Osborn Correctional Institution. As shown by the attachments to the complaint, Warden

---

[2] In cases where a rash has been held not to be a serious medical need, there was generally no accompanying pain. *See, e.g.*, *Gonzales v. Wright*, 2010 WL 681323, at *11 (N.D.N.Y. 2010).

Faneuff responded to plaintiff's requests, provided the scheduled dates for doctor visits, and told plaintiff to direct his inquiries to defendant Furey. As a non-medical staff member, Warden Faneuff is entitled to defer to the medical staff. *See Siminausky v. Sean*, 2017 WL 391425, at *4 (D. Conn. 2017). The Court concludes that plaintiff has not plausibly alleged a claim for deliberate indifference to medical needs against Warden Faneuff. Nor does plaintiff plausibly allege any facts of personal involvement by the prior wardens (Maldonado and Weir) that would suffice to allow a claim against them to proceed. *See Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014) (noting that "liability for supervisory government officials cannot be premised on a theory of *respondeat superior* because § 1983 requires individual, personalized liability on the part of each government defendant."). The claims against defendants Faneuff, Maldonado, and Weir are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## Conclusion

Based on the Court's initial review, plaintiff's claims against Faneuff, Weir, and Maldonado are DISMISSED, and these defendants shall be terminated from this action. Plaintiff's claims against Furey and Dr. Breton shall proceed.

The Court enters the following orders:

(1) **The Clerk shall** verify the current work addresses of defendants Furey and Breton with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at the address provided within **twenty-one (21) days** of this Order, and report to the court on the status of those waiver requests on the thirty-fifth day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her

individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the complaint on defendants Furey and Breton in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(3) **The Clerk shall** send plaintiff a copy of this Order.

(4) **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)(2) provides that plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(10) Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court.

It is so ordered.

Dated at New Haven this 12th day of March 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge